Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NILS TIMM, an individual,<br><br>Plaintiff,<br><br>v.<br><br>IKD, INC., a California Corporation; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>Jury Trial Demanded |

Plaintiff Nils Timm, through counsel, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district.

**PARTIES**

4. Tim is a Los Angeles-based photographer, filmmaker, and visual artist specializing in architecture, interior design, and real estate.

5. Defendant IKD, Inc. is a California corporation with its principal place of business located at 4607 Lakeview Canyon Road, #534, Westlake Village, CA 91361. IKD owns, operates, and controls the commercial website ikdusa.com and its related/affiliated subdomains, applications, and mobile websites (collectively, "Defendants' Website").

6. On information and belief, Plaintiff alleges that DOE Defendants 1-10 are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. On information and belief, Plaintiff alleges that each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each)**

8. Timm took and owns 24 original photographs registered with the U.S. Copyright Office (collectively, the "Subject Photographs").

9. Following the publication and display of the Subject Photographs, Defendants (and each of them) displayed, distributed, reproduced, and/or otherwise

used essentially verbatim copies of the Subject Photographs on Defendants' Website for commercial purposes without Timm's authorization (the "Accused Posts").

10. Exemplars of the Subject Photographs, along with the webpages of Defendants' Website on which unauthorized copies of the Subject Photographs were used, are set forth in **Exhibit 1**.

11. Defendants, and each of them, had access to the Subject Photographs, including through Plaintiff's website, an authorized licensee of Plaintiff's, an Internet search engine, and/or another third-party website. The Accused Posts are also strikingly similar to the Subject Photographs.

12. Defendants, and each of them, displayed, distributed, reproduced, and/or otherwise used copies of the Subject Photographs without Plaintiff's authorization.

13. Due to Defendants' (and each of their) acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

14. Due to Defendants' (and each of their) acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement. This entitles Plaintiff to disgorgement of Defendants' profits attributable to Defendants' infringement in an amount to be established at trial.

15. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of, or with reckless disregard or willful blindness for, Plaintiff's rights, such that said acts of copyright infringement were willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

    a. That Plaintiff be awarded Defendants' profits, plus Plaintiff's losses, attributable to Defendants' infringements of the copyrights in the Subject Photographs, the exact sum to be proven at the time of trial; or, if elected, statutory damages as available under 17 U.S.C. § 504;

b. That Plaintiff be awarded its costs and fees under 17 U.S.C. § 505;

c. That Plaintiff be awarded pre-judgment interest as allowed by law;

d. That Plaintiff be awarded such relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: July 14, 2025                DONIGER / BURROUGHS

By:   */s/ Stephen M. Doniger*
      Stephen M. Doniger, Esq.
      Benjamin F. Tookey, Esq.
      *Attorneys for Plaintiff*